UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
DESHAUN JORDAN and TAWANAH JORDAN

                Plaintiffs,

        11 CV 2637 (BMC)

   -against-

THE CITY OF NEW YORK, JOHN APEN,
DANIEL MAGEE, JOLENE ANDERSON,        **SECOND**
SAUL LOPEZ, ANTHONY PONS, and            **AMENDED COMPLAINT**
MATTHEW MIKOWSKI,

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

       Plaintiffs DeShaun Jordan and Tawana Jordan, by their attorneys, Reibman & Weiner, as and for their Complaint, hereby allege as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

       1.    At all times hereinafter mentioned plaintiff DeShaun Jordan was a male resident of Kings County, within the State of New York.

       2.    At all times hereinafter mentioned plaintiff Tawanah Jordan was a female resident of Kings County, within the State of New York, and the mother of plaintiff DeShaun Jordan.

       3.    At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

4. At all relevant times hereinafter mentioned, defendant John Apen was employed by the City of New York as a NYPD Captain.

5. At all relevant times hereinafter mentioned, defendant Daniel Magee was employed by the City of New York as a NYPD Sergeant, Shield No.: 3453.

6. At all relevant times hereinafter mentioned, defendant Jolene Anderson was employed by the City of New York as a NYPD Police Officer, Shield No.: 13994.

7. At all relevant times hereinafter mentioned, defendant Saul Lopez was employed by the City of New York as a NYPD Police Officer, Shield No.: 31301.

8. At all relevant times hereinafter mentioned, defendant Anthony Pons was employed by the City of New York as a NYPD Police Officer, Shield No.: 30066.

9. At all relevant times hereinafter mentioned, defendant Matthew Mikowski was employed by the City of New York as a NYPD Police Officer, Shield No.: 3925.

10. The individual defendants are sued herein in their individual and official capacities.

11. Upon information and belief, at all relevant times herein each of the individual defendants were on duty and performing their duties on behalf of New York City, and thus were state actors acting in the course of their employment with the NYPD under color of law.

12. Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, *et seq.*, and 42 U.S.C. §1983. The Court has jurisdiction over the state claims under the legal principles of supplemental jurisdiction.

13. Venue is properly laid in this District pursuant to 28 U.S.C. §1391, *et*

*seq.*, because the events complained of herein occurred within the Eastern District of New York, and because it is the district of residence for the plaintiffs.

14. Notices of Claim were timely served by the plaintiffs upon the defendant City of New York.

15. At least thirty days have passed since plaintiffs' service of their Notices of Claim, and adjustment and payment thereof has been neglected or refused by the City of New York.

16. Plaintiffs have complied with all of obligations, requirements and conditions precedent to commencing an action against New York City under New York law.

**RELEVANT FACTS**

17. On March 4, 2010, at or around 3:00 p.m., plaintiffs were lawfully present inside their home at 2832 West 23rd Street, Brooklyn, New York.

18. Also present was Tawanah Jordan's minor daughter, D.J., who was then sixteen years old. Ms. Jordan had recently obtained a limited order of protection requiring her minor daughter not to engage in certain conduct.

19. On March 4, 2010, D.J. was creating a disturbance in plaintiffs' home, and so plaintiff DeShaun Jordan called 911.

20. Members of the NYPD, including defendants Anderson and Lopez arrived at the premises in response to the 911 call.

21. Both defendants were verbally abusive towards Ms. Jordan and did not

want to arrest D.J., and so she asked defendants to vacate the premises.

22. Ms. Jordan also placed a call to 911, complaining about the defendants' conduct, their refusal to arrest D.J., and asking that other officers come to the scene.

23. Defendants Anderson and Lopez refused to leave and unlawfully remained inside the premises.

24. The defendants, while unlawfully inside the premises, seized and detained Tawana Jordan for a period of time without any adequate legal cause, and used an excessive and unnecessary level of force in so doing.

25. Defendants Magee, Pons and Mikowski arrived sometime after Anderson and Lopez. Although Ms. Jordan made clear to the defendants that they were not permitted to wander through her home, particularly to the bedrooms at the back of the apartment, several of the defendants walked to the back of the apartment, where plaintiff DeShaun Jordan was preparing to leave to take an exam at school.

26. Mr. Jordan told the officers that they did not have any right to walk through the apartment, at which time one of the defendants grabbed plaintiff by the throat and threw him down.

27. Mr. Jordan yelled out to his mother that he wanted the defendants' badge numbers, at which time another of the defendants, also in plainclothes, told plaintiff to shut up and struck him repeatedly in the face and head.

28. Plaintiff was subsequently knocked to the ground while being taken from the apartment, and was then forced to walk outside to NYPD Police Service Area 1 in

the freezing cold while only half-dressed with his hands cuffed behind his back.

29. The officers teased Mr. Jordan about his public humiliation, laughingly referring to the trip as his "walk of shame."

30. At no time did there exist any basis to utilize any level of force against either plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

31. At no time did the defendants have adequate legal cause to detain, seize or arrest plaintiff DeShaun Jordan, nor could defendants have reasonably believed that such cause existed.

32. Plaintiff DeShaun Jordan was transported to NYPD Police Service Area 1 ("PSA 1"), where he was held for a number of hours.

33. Defendant Apen was at all relevant times the Executive Officer of PSA 1, meaning that he was second-in-command only to the Chief Officer, and had supervisory authority over each of the other individual defendants.

34. Defendants then transported plaintiff DeShaun Jordan to Kings County Central Booking, where he continued to be detained for many hours.

35. Plaintiff DeShaun Jordan was arraigned before a Judge in Kings County Criminal Court was released on his own recognizance after being held for a total of more than 20 hours.

36. Mr. Jordan was charged criminally based on false allegations made by Pons and Anderson that plaintiff had interfered with the arrest of D.J., pushed and shoved

5

Magee, and physically resisted arrest.

37. These allegations were false, and the defendants knew them to be false at the time they were made.

38. As a result of plaintiff Tawana Jordan's complaints, the NYPD's Internal Affairs Division opened a file and requested a response from a commanding officer at PSA 1.

39. In response to this complaint, defendant Apen drafted a report addressed to the Chief of Internal Affairs, in which Apen stated that he interviewed DeShaun Jordan while he was in defendants' custody.

40. This interview occurred while Jordan was in defendants' custody at PSA 1 and prior to his arraignment, during which time he was imprisoned and held against his will pursuant to the instant arrest.

41. Apen had the authority to order the individual defendants to void plaintiff's arrest and immediately release him from custody.

42. Instead, Apen, who had already spoken with his officers and memorialized what he stated were their version of the facts, wrote that Jordan made a series of incriminating factual statements. More precisely, Apen claimed that, during his interview with plaintiff:

> Mr. Jordan stated that he was upset that his sister was arrested and that he struggled with the officers as they attempted to handcuff him. He stated that during the struggle he fell onto the bed in bedroom and was handcuffed. As he was being led out of the bedroom by P.O. Mikowski they tripped and both to the floor and he cut his lip.

6

43. The plaintiff's supposed statement to Apen is pure fiction, created by the defendant to further facilitate the arrest and imprisonment of plaintiff Deshaun Jordan, cover up and protect his officers from any allegations of misconduct. DeShaun never said that he struggled with the officers or made any statements to anybody that could reasonably be understood to mean that he had participated in a struggle or resisted the officers in any way.

44. The statements by Apen and the other defendants were materially false and designed to justify and continue the arrest and imprisonment of Deshaun Jordan, provide a basis for his anticipated prosecution, shield the defendants from allegations of misconduct and to prevent the plaintiffs from seeking redress for the defendants' unconstitutional and unlawful actions.

45. At no time did any of the defendants take any steps to protect the plaintiffs from the unlawful acts and misconduct engaged in by their fellow officers, nor did they make any effort to correct their factual misstatements and omissions contained in the police reports and criminal complaint.

46. Eventually, Plaintiff DeShaun Jordan received an adjournment in contemplation of dismissal for the charges brought against him.

47. All times relevant herein, the defendants, including the Doe defendants, were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

48. Plaintiffs repeat the allegations contained in paragraphs "1" through "47" above as though stated fully herein.

49. The individual defendants, other than Apen, willfully and intentionally seized and detained both plaintiffs, and arrested DeShaun Jordan, without probable cause, and without a reasonable basis to believe such cause existed.

50. The individual defendants, other than Apen, willfully and intentionally subjected plaintiffs to physical force in excess of what was reasonable under the circumstances and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful or necessary.

51. By so doing, the individual defendants, other than Apen, individually and collectively, subjected the plaintiffs to false arrest and imprisonment, excessive force, unlawful searches of person and property, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

52. Defendant Apen deliberately lied and made false statements of fact after the fact in order to cover up his subordinates' unconstitutional and unlawful conduct, and in so doing sought to and actually did fabricate inculpatory evidence against DeShaun Jordan with respect to the criminal charges Apen's officers had brought about.

53. By so doing, Apen is liable for false arrest and false imprisonment, and the violation of DeShaun Jordan's substantive right to a fair trial and due process of law.

54. In addition, all of the defendants, inclduing Apen, are liable for conspiring to cover up and maintain the false arrest and imprisonment of ~~have~~ plaintiff and cause his prosecution to proceed in order to protect the arresting officers ~~them~~ from the investigation into their misconduct.

55. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

## SECOND CAUSE OF ACTION

56. Plaintiffs repeat the allegations contained in paragraphs "1" through "55" above as though stated fully herein.

57. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

58. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

59. Defendant was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiffs' rights in particular.

60. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused

plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

### THIRD CAUSE OF ACTION

61. Plaintiffs repeat the allegations contained in paragraphs "1" through "60" above as though stated fully herein.

62. Plaintiffs were subjected to false arrest, false imprisonment, excessive force and assault and battery by the defendants.

63. At no time did defendants have any legal basis for detaining, seizing, arresting or imprisoning plaintiffs, commencing criminal process, or using physical force against them, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable or otherwise appropriate.

64. The defendants are therefore liable to plaintiffs for false arrest, false imprisonment, excessive force, and assault and battery.

65. By reason thereof, defendants have caused plaintiffs to suffer emotional and physical injuries, mental anguish, the loss of their constitutional rights, and unlawful incarceration.

### FOURTH CAUSE OF ACTION

66. Plaintiffs repeat the allegations contained in paragraphs "1" through "65" above as though stated fully herein.

67. The defendants, individually, jointly and severally, and through their agents, servants, employees, and/or associates were responsible for the proper, adequate and necessary police and law enforcement conduct with respect to any interaction with plaintiffs.

68. The police and law enforcement conduct engaged in and rendered to plaintiffs by the individual defendants, individually, jointly and through their agents, servants, employees, and/or associates was careless and negligent and not in accordance with good and accepted police and law enforcement practices and in violation of NYPD policies and procedures and was not otherwise reasonable conduct under the circumstances then and there existing.

69. As a result of the carelessness and negligence and violation of NYPD procedures and policies by the respective defendants, their agents, servants, employees and/or associates, plaintiffs were caused to sustain severe and irreparable personal injury and damage.

70. By reason thereof, the defendants have caused plaintiffs to suffer emotional and physical injury, mental anguish, and to be unlawfully incarcerated.

FIFTH CAUSE OF ACTION

71. Plaintiffs repeat the allegations contained in paragraphs "1" through "70" above as though stated fully herein.

72. By their actions described herein, defendants acted intentionally and with malice aforethought to cause plaintiffs extreme emotional disturbance.

73. The actions of defendants described herein were outrageous and designed only to harm plaintiffs.

74. By reason thereof, plaintiffs have suffered damages including but not limited to emotional and psychological injuries.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against defendants jointly and severally as follows:

   i. on the causes of action one through five, actual and punitive damages in an amount to be determined at trial;

   ii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

   iii. such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
       October 17, 2011

REIBMAN & WEINER

By: /s/ _____
Michael Lumer, Esq. (ML-1947)
Attorneys for Plaintiffs
26 Court Street, Suite 1808
Brooklyn, New York 11242
(718) 522-1743