UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DESHAWN JORDAN and TAWANA JORDAN,

                                    Plaintiffs,

-against-

THE CITY OF NEW YORK, JOHN APEN,
DANIEL MAGEE, JOLENE ANDERSON, SAUL
LOPEZ, ANTHONY PONS, and MATTHEW
MIKOWSKI,

                                    Defendants.
------------------------------------------------------------------X

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

11 CV 2637 (BMC)

        **WHEREAS,** plaintiffs commenced this action by filing a complaint on or about June 2, 2011, alleging that the defendants violated plaintiffs' federal civil and state common law rights; and

        **WHEREAS,** defendants CITY OF NEW YORK, CAPTAIN JOHN APEN, SERGEANT DANIEL MAGEE, OFFICER JOLENE ANDERSON, OFFICER SAUL LOPEZ, OFFICER ANTHONY PONS AND OFFICER MATTHEW MIKOWSKI have denied any and all liability arising out of plaintiffs' allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

        **WHEREAS,** plaintiffs have authorized their counsel to settle this matter on the terms set forth below;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1.  The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2.  Defendant City of New York hereby agrees to pay plaintiff **DESHAUN JORDAN, THE SUM OF TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS AND PLAINTIFF TAWANA JORDAN, THE SUM OF TWO THOUSAND FIVE HUNDRED ($2,500.00) DOLLARS** in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of these sums, plaintiffs agree to dismissal of all the claims against the defendants and to release the defendants and any present or former employees and agents of the City of New York or any agency thereof, from any and all liability, claims, or rights of action, from the beginning of the world to the day of the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3.  Plaintiffs each shall execute and deliver to defendant City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiffs shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4.  Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiffs' rights, or the rights of any

other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

     5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

     6. Plaintiffs agree to hold harmless defendants regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

     7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:  New York, New York
~~October 21, 2011~~
May 14, 2012

Reibman and Weiner
*Attorneys for Plaintiff*
26 Court Street Suite 1005
Brooklyn, New York, 11201
718-522-1743

By: _____
Michael L. Lumer
*Attorney for Plaintiff*

Dated: New York, New York
_____, 2011

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendants City of New York, APEN, Magee, ANDERSON, LOPEZ, PONS and MIKOWSKI*
100 Church Street, Rm 3-221
New York, New York 10007

By: _____
Sumit Sud
*Assistant Corporation Counsel*

SO ORDERED:

_____
HON. BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE

4